Russell G. Leavitt, Attorney at Law
8517 20th Street, Ste 330
JBER, AK 99506
Tel. No.: 907-384-0371

IN THE DISTRICT COURT FOR THE STATE OF ALASKA
THIRD JUDICIAL DISTRICT AT ANCHORAGE

| | |
|---|---|
| JOSHUA SHANKUS, <br> Plaintiff <br><br> vs. <br><br> STATE FARM FIRE AND CASUALTY CO., <br> Defendant | ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 3AN-15-6692 CI |

## COMPLAINT

Comes now the Plaintiff, Joshua Shankus, by and through the undersigned counsel, and sues the above-named Defendant, and alleges as follows:

### PARTIES

1. Plaintiff is a natural person, a member of the United States Army stationed and domiciled in the State of Alaska.

2. Defendant is a subsidiary of State Farm Mutual Automobile Insurance Company, a mutual insurance company formed under the laws of the State of Illinois. Defendant is engaged in the business of providing insurance services in, and is licensed to engage in the insurance business in, the State of Alaska.

### ALLEGATIONS

3. Plaintiff is the owner of the real property located at 1331 Bookness Street in Midland, Michigan. Plaintiff purchased the said property on February 6, 2009. Plaintiff purchased the said property as an unmarried individual, and title to it rests with the Plaintiff alone.

4. At or near the time of purchase, Plaintiff contracted with Defendant for a homeowner's insurance policy covering the said property.

5. In early July 2010, Plaintiff transferred the homeowner's policy to a Rental Dwelling Policy.

6. On July 23, 2010, Plaintiff married Kady Olney.

7. In November 2010, Plaintiff returned the policy covering the said property to a homeowner's policy (the "final transfer").

8. On September 5, 2014, Plaintiff was granted an absolute divorce from Kady Olney in the 42nd Circuit Court of Midland County, Michigan.

9. At no time during the marriage did Plaintiff convert the said real property into property of the marriage.

10. In accordance with Michigan law, to wit §557.201 of the Michigan Community Property Act, the said real property remained the Plaintiff's sole and separate property throughout the duration of the marriage and subsequently to the Plaintiff's divorce.

11. Plaintiff, and Plaintiff alone, continued to make all payments on the policy as due.

12. At the time of final transfer, the Plaintiff did not seek to add Kady Olney as a co-insured to the homeowner's policy.

13. At no time subsequent to the final transfer did Defendant ever provide Plaintiff with a statement or any other documentation identifying Kady Olney as a co-insured.

14. Kady Olney and her son, who is not the Plaintiff's child, occupied the said real property from November 2010 until November 2013.

15. After Kady Olney and her son vacated the property, it incurred significant damage.

16. Plaintiff duly filed a claim under his homeowner's insurance policy.

17. Defendant's agents investigated the claim and determined it to be payable in the amount of $12,364.67.

18. Without reason or justification, Defendant refused to make payment to Plaintiff, insisting it would make payment only to the Plaintiff and Kady Olney, jointly.

19. Kady Olney is not the Plaintiff's wife, has no claim of ownership to the said real property, and is in no way entitled to payment under the policy.

## COUNT 1
(Breach of Contract)

20. Plaintiff repeats the preceding allegations and incorporates them herein.

21. Defendant's refusal to make payment to Plaintiff under the policy constitutes breach of contract.

22. Defendant is liable to Plaintiff for damages in the amount of $12,364.67, and other appropriate relief.

## COUNT 2
(Violation of the Alaska Unfair Trade Practices and Consumer Protection Act)

23. Plaintiff repeats the preceding allegations and incorporates them herein.

24. Defendant's attempt to make Kady Olney a co-claimant and joint payee with Plaintiff violates multiple provisions of the Alaska Unfair Trade Practices and Consumer Protection Act, including, but not limited to, AS 45.50.471(b)(3), (12), and (55).

25. Defendant is liable to Plaintiff for punitive damages in the amount of $37,094.01, and other appropriate relief.

## COUNT 3
(Bad Faith)

26. Plaintiff repeats the preceding allegations and incorporates them herein.

27. Defendant, by attempting to make Kady Olney a co-insured with Plaintiff, breached the implied covenant of good faith and fair dealing.

28. Defendant is liable to Plaintiff for punitive damages in the amount of $150,000.00, and other appropriate relief.

WHEREFORE, Plaintiff demands judgment for monetary damages, Plaintiff's costs in bringing this action, and such other relief as the court deems appropriate.

4/30/2015
Date

RUSSELL G. LEAVITT
Alaska Bar No. 1209069

I certify that on 4/30/2015 a copy of this Complaint and all supporting documents that are attached as indicated above were e-mailed / hand delivered to Kathleen M. Stingley, Registered Agent for Defendant, at 4600 Bombali Street, Anchorage, AK 99503.

Your signature: _Russell A. Leavitt_