IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA


JOSHUA SHANKUS, )
)
Plaintiff, )
)
vs. )
)
STATE FARM FIRE & CASUALTY )
COMPANY, )
) No. 3:15-cv-0089-HRH
Defendant. )
_____ )


O R D E R

Motion to Transfer[1]

Defendant moves pursuant to 28 U.S.C. § 1404 for an order transferring this case

to the United States District Court for the Eastern District of Michigan. The motion is

opposed. Oral argument has not been requested and is not deemed necessary.

Title 28, United States Code, Section 1404(a) provides:

> (a) For the convenience of parties and witnesses, in the
> interest of justice, a district court may transfer any civil action
> to any other district or division where it might have been
> brought or to any district or division to which all parties have
> consented.

Thus, defendant's motion requires that the court consider whether this case might have

been brought in the Eastern District of Michigan and whether a transfer will further the

convenience of parties and witnesses and will be in the interest of justice.

_____

[1]Docket No. 13.

Order – Motion to Transfer - 1 -

The first issue – where the case might have been brought – is not contested. Jurisdiction of plaintiff's complaint is based upon diversity and the amount in controversy. If the case were brought in the Eastern District of Michigan, there would still be diversity jurisdiction because plaintiff is a resident of Alaska and defendant concedes that it carries on continuous and systematic insurance business in the state of Michigan. The Eastern District of Michigan would have personal jurisdiction of the defendant. Venue would be proper in the Eastern District of Michigan based upon 28 U.S.C. § 1391(b) for the reason that a substantial part of the events giving rise to this claim occurred in Michigan and, as stated above, State Farm is considered a resident of Michigan for purposes of venue as well as jurisdiction.

The court next considers the convenience of the parties, witnesses, and interest of justice concerns.

> A motion to transfer venue under § 1404(a) requires the court to weigh multiple factors in its determination whether transfer is appropriate in a particular case. For example, the court may consider: (1) the location where the relevant agreements were negotiated and executed, (2) the state that is most familiar with the governing law, (3) the plaintiff's choice of forum, (4) the respective parties' contacts with the forum, (5) the contacts relating to the plaintiff's cause of action in the chosen forum, (6) the differences in the costs of litigation in the two forums, (7) the availability of compulsory process to compel attendance of unwilling nonparty witnesses, and (8) the ease of access to sources of proof. Additionally, the presence of a forum selection clause is a "significant factor" in the court's § 1404(a) analysis. We also conclude that the relevant public policy of the forum state, if any, is at least as significant a factor in the § 1404(a) balancing.

Jones v. GNC Franchising, Inc., 211 F.3d 495, 498 (9th Cir. 2000) (footnotes omitted).

Relevant Agreements. The insurance agreement which is the subject of this litigation was negotiated and executed in Michigan. This factor favors a transfer.

Order – Motion to Transfer                                                                      - 2 -

Familiarity with Governing Law. More likely than not, Michigan law will control the disposition of this case, and a district court in Michigan will plainly be more familiar with that law. This court does not doubt its ability to ascertain and apply Michigan law; but plainly a Michigan court will be more familiar with applicable law. This factor slightly favors transfer.

Plaintiffs Choice of Forum. Plaintiff has chosen Alaska as the forum for his case.

Plaintiff argues that his choice of forum should be favored because he is a member of the United States military, serving in Alaska. Plaintiff argues that his unauthorized absence from Alaska would be a crime.

There is no reason to believe that plaintiff would need to take unauthorized leave to pursue his case in Michigan. As defendant points out, various federal laws and regulations pertaining to the military make it clear that plaintiff could obtain leave to attend his personal business in Michigan, when and if that were necessary.[2]

Plaintiff's choice of forum favors holding this case in the District of Alaska.

Parties' Contacts with the Forum. The principal and only significant contact with the District of Alaska is plaintiff's present residence. At the time the insurance policy in question was issued, plaintiff was a resident of Michigan, and the insurance policy and dispute concerning the policy revolves about property located in the state of Michigan. However, the dispute between the parties is not really about the property or a loss to the property. Rather, the disagreement has to do with entitlement to the insurance proceeds. But as to that, all of the relevant contacts as to both parties are in the state of Michigan, not Alaska. This factor favors a transfer.

---

[2]It is the court's perception that this litigation could be resolved without plaintiff ever having to travel to Michigan.

Contacts with Alaska. Again the only significant contact with Alaska is plaintiff's current residence. While defendant does significant business in the state of Alaska, defendant's entire business activity with respect to plaintiff's complaint took place in Michigan, not Alaska. This factor favors a transfer.

Costs of Litigation. It is the court's best judgment that, on balance, litigating this case will be less costly in the Eastern District of Michigan than in the District of Alaska, principally because all of the witnesses (with the exception of plaintiff) live in Michigan, not in Alaska. This factor slightly favors a transfer.

Availability of Compulsory Process. Obtaining the presence of witnesses in Alaska could be a problem because, except for plaintiff, they all reside outside Alaska. There should be no problem with the service of process in the Eastern District of Michigan. This factor favors a transfer.

Access to Sources of Proof. Again, the insurance transactions at the heart of this case took place in Michigan, and the witnesses who know about records pertinent to this case reside in Michigan. This factor favors a transfer.

Forum Selection Clause. There is no forum selection clause in the insurance policy in question. This factor is neutral with respect to a possible transfer.

Relevant Public Policy. Because resolution of this case will likely involve the application of Michigan laws and policies, if any, the court doubts there is any significant Alaska public policy to suggest that the case not be transferred. This factor slightly favors transfer.

Case 3:15-cv-00089-HRH   Document 21   Filed 08/27/15   Page 4 of 5

<u>Conclusion</u>

With the exception of plaintiff's choice of forum, most of the other factors which the court must consider in deciding a § 1404 motion favor a transfer. The convenience of witnesses favors transfer. A transfer will be in the interest of justice.

The motion to transfer venue to the Eastern District of Michigan is granted. The clerk of court shall effect this transfer.

DATED at Anchorage, Alaska, this  27th  day of August, 2015.


                                        /s/ H. Russel Holland
                                        United States District Judge

Order – Motion to Transfer                                              - 5 -